UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHENZHEN XINGCHEN XUANYUAN INDUSTRIAL CO. LTD., <br><br> Plaintiff, <br><br> v. <br><br> AMAZON.COM SERVICES LLC, and AMAZON.COM, INC., <br><br> Defendants. | Case No. 1:23-cv-6549 |

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "**Amazon**") file this Notice of Removal ("**Notice**") and remove this action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York.  The grounds for removal are as follows:

1. On or about June 16, 2023, Plaintiff Shenzhen Xingchen Xuanyuan Industrial Co., Ltd., a Chinese corporation with its principal place of business in China ("**Xingchen**"), filed the above-captioned action as Index No. 652922/2023 (the "**State Court Action**"), in the Supreme Court of the State of New York, County of New York.  Copies of all papers and process received by Amazon or filed in the State Action are attached here as **Exhibit A**.

2. The Verified Complaint in the State Court Action asserts five causes of action against Amazon arising from its alleged breaches of the contract between Amazon and Xingchen, the Amazon Services Business Solutions Agreement ("BSA"): (1) "for declaratory relief [that] Section 2 [of the BSA] is unenforceable"; (2) breach of contract; (3) conversion; (4)

unjust enrichment; and (5) violation of the Washington state Consumer Protection Act, 19.86 RCW ("WCPA").

3. Xingchen's Verified Complaint admits that its claims against Amazon are subject to an arbitration agreement and that Xingchen in fact previously submitted its claims against Amazon to arbitration proceedings administered by the American Arbitration Association ("AAA"), which proceedings were dismissed by the appointed arbitrator because Xingchen either failed or refused to pay its share of the arbitrator's fees.

4. Xingchen's Verified Complaint nevertheless seeks from this Court an award of money damages against Amazon, including "less than $75,000" in direct damages, additional direct damages equivalent to a "refund [of Xingchen's] prior six month payment (sic) from Plaintiff to Amazon," other unspecified compensatory/economic damages "according to proof," prejudgment interest, costs, and an award of its "reasonable attorney's fees."

5. On June 16, 2023, Xingchen also filed in the State Court Action its Request for Judicial Intervention Addendum ("RJIA"), a filing that specifies the precise amount of Xingchen's alleged direct damages: the jurisdictionally convenient amount of $74,500. However, under the WCPA prevailing plaintiffs may also recover treble damages up to the statutory cap of $25,000. RCW §§ 19.86.020; 19.86.090. This Court must consider the possible damages under WCPA as being "in controversy" for purposes of jurisdictional considerations.

## DIVERSITY JURISDICTION

6. This Court has original jurisdiction over this action based on 28 U.S.C. § 1332(a)(1), and may be removed to this Court under 28 U.S.C. § 1441(a), in that it is a civil action between citizens of different states and the matter in controversy is alleged to exceed the sum or value of $75,000, exclusive of interests and costs.

7. Because the State Court Action is pending in the Supreme Court of the State of New York, County of New York, removal of the State Court Action to this District Court is proper under 28 U.S.C. §§ 1332(a)(1) and 1441(a).

## COMPLETE DIVERSITY OF CITIZENSHIP

8. There is complete diversity of citizenship between Xingchen and Amazon in this matter. "A corporation is a citizen of both the State or foreign state where it is incorporated and of the State or foreign state where it has its principal state of business . . . ." *Calderon v. Carmona*, 2022 WL 2307674, at *4 (S.D.N.Y. June 27, 2022) (citing 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010)).

9. Xingchen is a Chinese corporation with its principal place of business in Shenzhen, China. *See* Ex. A, Compl. ¶ 21 ("The Plaintiff is a Chinese Company with its principal place of business in Shenzhen, China."). Therefore, Xingchen is a citizen of China.

10. A corporation is deemed a citizen of any state in which it has been incorporated and the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

11. Amazon.com, Inc. is a corporation organized under the laws of Delaware having its principal place of business in the State of Washington.

12. Amazon.com Services LLC is an LLC organized under the laws of Delaware and having its principal place of business in the State of Washington. The sole member of Amazon.com Services LLC is Amazon.com Sales, Inc., which is a Delaware corporation having its principal place of business in the State of Washington. Amazon.com Sales, Inc. is itself wholly owned by Amazon.com, Inc., a Delaware corporation having its principal place of business in the State of Washington. Therefore, Amazon.com Services LLC is a citizen and resident of Delaware and Washington.

**MORE THAN $99,500 IN CONTROVERSY**

13. The amount in controversy in this action exceeds $75,000. Xingchen's filings in the State Court Action, including its Verified Complaint and its RJIA, establish that Xingchen seeks at least $74,500 in alleged direct damages. *See* Ex. A, Compl. at 13-14; RFJI.

14. Xingchen has also asserted a claim against Amazon under the WCPA, which permits prevailing plaintiffs to recover treble damages up to a statutory cap of $25,000. RCW §§ 19.86.020; 19.86.090.

15. The Second Circuit has held that the amount of treble damages recoverable under state law causes of action must be included in a district court's determination of the amount in controversy for diversity jurisdiction purposes. *Jean-Louis v. Carrington Mortgage Servs., LLC*, 849 Fed. Appx. 296, 299 (2d Cir. 2021) (citing *A.F.A. Tours, Inc. v. Whitchurch*, 937 F.2d 82, 87 (2d Cir. 1991)).

16. Therefore, the amount in controversy in this matter exceeds $95,500. Accordingly, pursuant to 28 U.S.C. § 1332, this Court has subject matter jurisdiction over this action.

17. The United States District Court for the Southern District of New York is the proper place remove this action under 28 U.S.C. § 1441(a) because it is the federal district court that embraces the place where the original action was filed and is pending. *See* 28 U.S.C. §§ 1441(a), 1446(a).

**REMOVAL IS TIMELY**

18. This Notice of Removal is timely filed because 28 U.S.C. § 1446(b)(1) as it was filed within thirty (30) days after Amazon received notice of the Petition.

19. Concurrent with this filing, Amazon will provide a copy of this Notice to Rising Star and file a copy of this Notice with the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d).

20. Pursuant to 28 U.S.C. § 1446(d), Amazon will promptly give written notice of this Notice of Removal to counsel for Petitioner and will file a copy of this Notice of Removal with the clerk of the state court in which the State Court Action is pending.

21. Amazon reserves the right to amend or supplement this Notice of Removal.

22. In filing this Notice, Amazon does not waive and specifically reserves any and all defenses, motions, and pleas, including those concerning service, venue, jurisdiction, or any other objections it may have.

23. THEREFORE, Amazon removes this action from the Supreme Court of the State of New York, County of New York, to this Court and all further proceedings in this action shall be conducted in this Court as provided by law.

Dated: New York, New York
July 27, 2023

DAVIS WRIGHT TREMAINE LLP

By: _____
John M. Magliery
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: (212) 603-6444
johnmagliery@dwt.com

*Attorneys for Defendants Amazon.com, Inc. and Amazon.com Services LLC*

# Index: Court filings as of July 27, 2023

**New York County Supreme Court**
**SHENZHEN XINGCHEN XUANYUAN INDUSTRIAL CO. LTD. v. AMAZON.COM SERVICES LLC et al**
**Case No. 652922/2023**

| Document No. | Document Name | Filing Date |
| --- | --- | --- |
| 1. | Summons and Verified Complaint | 6/16/2023 |
| 2. | Declaration of Xingliang Lu | 6/16/2023 |
| 3. | Business License | 6/16/2023 |
| 4. | Miscellaneous Exhibit | 6/16/2023 |
| 5. | Miscellaneous Exhibit | 6/16/2023 |
| 6. | Miscellaneous Exhibit | 6/16/2023 |
| 7. | Miscellaneous Exhibit | 6/16/2023 |
| 8. | Amazon Services Business Solutions Agreement | 6/16/2023 |
| 9. | Miscellaneous Exhibit | 6/16/2023 |
| 10. | AAA Procedural Order No. 1 | 6/16/2023 |
| 11. | AAA Detail Invoice/Statement | 6/16/2023 |
| 12. | Miscellaneous Exhibit | 6/16/2023 |
| 13. | AAA Procedural Order No. 8 | 6/16/2023 |

| 14. | Request for Judicial Intervention | 6/16/2023 |
|---|---|---|
| 15. | Commercial Division Request for Judicial Intervention Addendum | 6/16/2023 |

2 ... 

4866-2945-4195v.1 0051461-005813

2

| 14. | Request for Judicial Intervention | 6/16/2023 |
|---|---|---|
| 15. | Commercial Division Request for Judicial Intervention Addendum | 6/16/2023 |

4866-2945-4195v.1 0051461-005813