UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHENZHEN XINGCHEN XUANYUAN
INDUSTRIAL CO. LTD.,

                    Plaintiff,

    v.

AMAZON.COM SERVICES LLC, *and*
AMAZON.COM, INC.,

                  Defendants.

    Case No. 1:23-cv-6549-GHW

**DECLARATION OF
JULIE GUO IN SUPPORT OF
OPPOSITION TO MOTION TO
STAY CASE AND COMPEL
PLAINTIFF BACK TO
ARBITRATION**

           I, JULIE GUO, state and declare as follows pursuant to 28 U.S.C. § 1746:

1.    I am the attorney of record for Plaintiff Shenzhen Xingchen XuanYuan Industrial Co., Ltd. (hereinafter "Xingchen"). If called upon as a witness, I could competently state the following facts within my personal knowledge.

2.    I represented Plaintiff in the underlying American Arbitration Association ("**AAA**") arbitration case captioned *Shenzhen Xingchen Xuanyuan Industrial Co., Ltd. v. Amazon.com Services, et al.*, AAA Case No. 01-22-0000-2381 ("**the Arbitration**"). I was one of the attorneys of record for Amazon in that arbitration case.

3.    If Plaintiff's request is granted, Xingchen intends to file an amended claim or complaint adding a cause of action for injunctive relief, damages, and attorney's fees under Washington's Consumer Protection Act (CPA, RCW Chapter 19.86).

4.    Pursuant to Section 18 of the BSA, Plaintiff has the right to elect arbitration, "by telephone, ***written submissions***, or in person at a mutually agreed location." Parties agree on the written submission terms in Section 18 of BSA because parties acknowledge and agree that 1)  third-party sellers on Amazon's online marketplace are from all over the world, it is not feasible, not convenient, and too

1

expensive for sellers to fly to the US from overseas to conduct an in-person hearing or conduct video evidentiary hearing; and 2) by choosing written submission, sellers can save over thousands of AAA's second filings fee, arbitrator fee, and hearing room fee.  For instance, a case with a claim amount of $150,000 may incur an arbitration cost of approximately $20,000 under the written submission mode.  However, this cost can exceed $40,000 with in-person or video evidentiary hearings.  It means if the seller can choose written submission, it would pay almost half the arbitration cost compared to a case with an evidentiary hearing.

5.   In January 2022, Plaintiff filed an arbitration demand with the American Arbitration Association ("AAA" Case No. 01-22-0000-2381), and elected to have the arbitration conducted by written submissions per its rights under Section 18 of the BSA-the Mandatory Arbitration Clause.  Also, right before the Arbitrator held the preliminary hearing to decide the procedural matter, Plaintiff's counsel emailed the Arbitrator the Arbitration Agreement—Section 18 of the BSA, advising the Arbitrator that Plaintiff is entitled to choose a written submission method per the Arbitration Agreement and Plaintiff had chosen the written submission method (**Exhibit P-F1**).

6.   However, Amazon breached the written submission term during the preliminary hearing, insisting on requesting an in-person hearing. The arbitrator then followed Amazon's request and ordered a two-day in-person hearing in New York in 2022 during the pandemic (**Exhibit P-F2**). The order for an in-person hearing doubled the arbitration cost for written submission, resulting in an arbitrator cost of over $44,000 and a $10,000 travel expense for Plaintiff. This amounted to a total arbitration cost of $55,000 for Plaintiff and nearly $90,000 for both parties, despite the claim amount being only $100,000 (**Exhibit P-F3**).

7.   Plaintiff filed an objection to the two-day in-person hearing order. Plaintiff explained the significant cost increase and travel restrictions caused by the two-day in-person hearing order and advised the Arbitrator that Plaintiff is entitled to written submission under the Mandatory Arbitration Clause (Section 10 of the BSA, "Arbitration Agreement"). However, even though later on, the arbitrator allowed Plaintiff Representative to appear in the evidentiary hearing via video, the Arbitrator still

kept the evidentiary hearing since Amazon continually breached the written submission term and insisted on having the evidentiary hearing, which helped save Plaintiff's **international travel cost**, the arbitration cost remains around $45,000 since Plaintiff has to pay the AAA second filing fee, arbitrator fee ($15,000), hearing room, and other service provider fees for two-day evidentiary hearing (**Exhibit P-F4**).

8.  Plaintiff is unable to afford the doubled arbitration cost increase caused by Amazon's breach of written submission term that resulted in the two-day evidentiary hearing, and then Plaintiff's arbitration proceedings were terminated, and the arbitration demand was dismissed on June 1, 2023 (**Exhibit P-F5**). The dismissal was based upon the failure of Plaintiff to pay the excessive costs, which, as can be seen from the case authority below, resulted in Plaintiff's inability to vindicate statutory and common law claims, including the pursuit of a claim under Washington's Consumer Protection Act ("CPA").

9.  Section 18.7 of the BSA also forecloses the right of Plaintiff to arbitrate pursuant to AAA expedited rules by limiting their applicability to $50,000 as opposed to the $100,000 limitation outlined in the rules (See AAA rule R-1(b) The big differences between the AAA Expedited Procedure and Regular Procedure are arbitration cost amount and arbitration proceedings' period.  First, the Expedited Procedures require considerably less in filing fees (only $1,000-2,000), no discovery (See AAA rule E-5), and the arbitrator's fees are limited to only $725 per party for the whole arbitration ($1450 for both parties, Rule E-10), all of which lessen a Plaintiff's costs to only approximately $2,000 for the whole arbitration, and the case can be concluded within six months.  However, the arbitration cost under Regular Procedure would be $40,000 or more, and the arbitration proceedings may last over 12-18 months.

10.  In this case, the claim amount, the current frozen fund balance, is below $100,000 since Amazon keeps deducting its fees from the original frozen funds after account blocking.  However, the arbitration proceedings for Plaintiff's arbitration demand filed in 2022 were not administered under AAA's expedited procedures because section 18.7 of Amazon's BSA requires the amount in

controversy to be less than $50,000 for the AAA's expedited provisions to apply, which Plaintiff contends is unconscionable on its face since it increased Plaintiff's arbitration cost over 20 times, from $2,000 to $45,000 for a case with a claim amount below $100,000.

11. If Plaintiff had been granted its right to an arbitration by written submissions as provided by the BSA, Plaintiff would have amended its demand to under $100,000, to further reduce arbitration costs under AAA's expedited procedures. Even if the original frozen funds in the arbitration demand were over $100,000, if Amazon had followed the AAA rules instead of attempting to bypass them in the contract, Plaintiff could have waived any damages over $100,000 and elected to use the expedited process, where the arbitration cost would be approximately $2,000 and could have been concluded within six months.

12. However, Amazon violated the AAA rules and forced this small seller to go for AAA's regular process, the same process that applies to multi-million-dollar claims.  Now, Plaintiff has to pay approximately $45,000 just in arbitrator's costs for a case with a claim amount below $100,000.

13. Also, because Amazon excluded Plaintiff's claim below $100,000 from the AAA expedited procedure through Section 18.7 of the BSA-the Mandatory Arbitration Clause, Plaintiff's claim had to be administrated under AAA regular procedure, which generally takes 12-18 months to conclude. Therefore, Plaintiff had to file a request for emergency relief to get their funds back sooner, which incurred more arbitration costs (over $10,000) for Plaintiff.  Should Amazon not have included Section 18.7 in the Mandatory Arbitration Clause and excluded Plaintiff from the AAA Expedited Procedure, Plaintiff would only need to spend approximately $2,000 in arbitration costs to conclude the case within six months. Then, Plaintiff would not need to request an emergency relief to get some funds sooner to survive.

14. Before an independent merchant can open a third-party seller account ("Account") on the Amazon Platform, ***all third-party sellers must fully accept the terms and conditions set forth in the BSA, having no negotiation power regarding the fairness and enforceability of the contract terms.***

15. The BSA between Amazon and Plaintiff contains clauses that are violative of public policy:

- Section 8 of the BSA contains a limitation of liability of Amazon from loss of profits, business, revenue, or damages, and purports to limit Amazon's liability to the total amounts paid by Amazon to Plaintiff over the preceding six months prior to Amazon's termination of the BSA.  This clause has been declared invalid pursuant to public policy in the case of *Shaffer v. Amazon Services, LLC*, 2:11-bk-28944-DPC Adversary No.: 2:13-ap-00799 (2021).

- Section 3 of the BSA entitles Amazon to abruptly deactivate seller accounts and ***remove the selling privileges of third-party sellers at will***, thus reducing the competition between third-party sellers and Amazon's own sales.

- **Section <u>2</u>** of the BSA gives Amazon the arbitrary authority to ***<u>permanently</u> <u>withhold any</u> sales proceeds in third-party seller accounts upon Amazon's sole determination***. The exercise of this power is limited by the duty of good faith and fair dealing.

- Multiple arbitrators already ruled in the cases of Amazon sellers against Amazon that Section 2 of the BSA is an invalid liquidated damage clause and an unenforceable penalty clause, as well as substantively unconscionable.  However, since arbitration awards are not precedential, multiple arbitrators have also ruled in favor of Section 2's enforceability as well.

16. Given the prohibitive costs of the arbitration for Plaintiff's claim below $100,000 per Section 18 of the BSA and the unenforceability of Section 2 and Section 8, Plaintiff has been put in the perilous position of not being able to receive a definitive interpretation of section 2's enforceability and faces Section 8-a limitation of liability that is against public policy.

17. On or about June 24, 2021, Amazon suddenly accused Plaintiff of BSA term violations,  deactivated the Seller Account, and terminated its BSA with Plaintiff without the advance notice required by section 3 of the BSA (**Exhibit P-F6**).

18. On October 26, 2021, Plaintiff submitted to an in-person video interview with Defendant, an extra-contractual process that is not set forth in the BSA or any incorporated policies, and

provided all the information and documentation requested by Amazon. But Amazon still refused to release the frozen sales proceeds in Plaintiff's seller account.

19.     On or about January 15, 2022, Xingchen filed a Demand for Arbitration and for Emergency Relief (**Exhibit P-F7**) with the AAA to commence the Arbitration by written submissions, pursuant to section 18 of the BSA.

20.     Attached as **Exhibit P-F8** is a true and correct copy of correspondence that the AAA's International Centre for Dispute Resolution ("ICDR") transmitted to the parties' counsel on January 26, 2022, regarding the appointment of the Arbitrator.

21.     Attached as **Exhibit P-F9** is a true and correct copy of AAA's notice of preliminary hearing for June 27, 2022.

22.     Attached as **Exhibit P-F10,** is a true and correct copy of an email I sent to the arbitrator and AAA in advance of the preliminary hearing on June 27, 2022, specifically requesting the arbitrator to order a written submission as opposed to a hearing, pursuant to section 18 of the BSA, which provides, in pertinent part:

> Dear Arbitrator Maalouf and Ms. Gomes,
>
> Thank you for your email. For the preliminary hearing call, the Seller Plaintiff will need to cite the arbitration agreement between Amazon and Plaintiff, which is at Section 18 of the Amazon Services Business Solution Agreement ("BSA"), binding to all parties. Attached is a copy of the full BSA for your reference and below is the particular section we would like to bring forward:
>
> There is no judge or jury in arbitration, and court review of an arbitration award is limited. However, an arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages), and must follow the terms of this Agreement as a court would.
>
> The arbitration will be conducted by the American Arbitration Association (AAA) under its commercial rules. Payment of all filing, administration and arbitrator fees will be governed by the AAA's rules. We will reimburse those fees for claims totaling less than $10,000 unless the arbitrator determines the claims are frivolous. The expedited procedures of the AAA's rules will apply only in cases seeking exclusively monetary relief under $50,000, and in such cases the hearing will be scheduled to take place within

90 days of the arbitrator's appointment. Likewise, Amazon will not seek attorneys' fees and costs from you in arbitration unless the arbitrator determines the claims are frivolous. **You may choose to have the arbitration conducted by telephone, based on written submissions, or in person at a mutually agreed location. Pg. 10 of the BSA.**

"You" is defined as the applicant, or the business employing the applicant and any of its Affiliates (in other words, Plaintiff). Pg. 1 of the BSA.

Pursuant to Section 18 of BSA, the seller can choose to conduct the arbitration based on written submission, and the arbitrator must follow the arbitration terms. **In this case, the seller Plaintiff has chosen to have the arbitration conducted based on written submission, no evidentiary hearings.**

Amazon offers a global marketplace/platform for sellers from all over the world. Contracting party sellers understand 1) there will be time differences and even communication technology differences for sellers from different parts of the world, thus it is hard or sometimes impossible to have a in person or video/telephone evidentiary hearing for sellers from all over the world; 2) it is expensive to heave in person or video/telephone, since sellers has to pay the second AAA filing fee, zoom license or hearing room fee, if there is an evidentiary hearing. Thus, Amazon and sellers agreed in their agreement that sellers can choose to have the arbitration based on written submissions, **which offers sellers from all over the world a more affordable and convenient way to do business or solve disputes with Amazon.** The right to choose to conduct the arbitration based on written submission is one of the important considerations for the sellers to enter the agreement BSA with Amazon, thus, it shall not be revised after the entering of the agreement without the sellers' consent.

We respectfully request that the arbitrator and AAA follow the arbitration agreement between the sellers and Amazon, allowing the sellers to fully exercise their rights to choose conducting the arbitration based on written submission. At the same time, Plaintiff can allow Amazon to do a video/audio deposition on the seller representative if Amazon would like to verify the seller representative identity, as long as there is no extra cost for the Seller Plaintiff.

23.   Attached as **Exhibit P-F11** is a true and correct copy of Procedural Order Number 1, which the Arbitrator entered in the Arbitration on June 28, 2022, ordering an-in person hearing, and ordering Plaintiff to pay for an English/Mandarin interpreter at the hearing.

24.    Attached as **Exhibit P-F12** is a true and correct copy of correspondence I sent to the Arbitrator,

AAA, and counsel on June 28, 2022, stating:

I am the co-counsel with Mr. Eade to represent the seller Plaintiff
for this matter. Generally I am the one who handles the client
communication since the client is based in China and speaks
Chinese. I could not attend the preliminary hearing due to a conflict
with a seller's deposition. We are representing over 15 sellers against
Amazon for improper account blocking and fund freezing.
There was a deposition going in yesterday morning, thus I could not
attend the preliminary hearing for this matter.

I did send you an email early yesterday morning to explain that the
seller chose written submission and Section 18 of BSA, the
arbitration agreement, which governs all the parties including seller
Plaintiff, Amazon and arbitrator. This morning, I just received the
scheduling order this morning, and I am a little shocked to see the
in-person hearing arrangement.

Firstly, the seller is based in China and there is still a lock-down in
China due to covid 19. The sellers cannot travel overseas. I do not
know whether Mr. Eade mentioned this fact to you. He does not
speak Mandarin and cannot talk with the client, thus may not know
this fact.

Also, Amazon offers a global marketplace/platform for sellers from
all over the world. Contracting party sellers understand 1) there will
be   time   differences   and   even   communication technology
differences for sellers from different parts of the world, thus it is
hard or sometimes impossible to have a in person or video/telephone
evidentiary hearing for sellers from all over the world; 2) it is
expensive to have in person or video/telephone evidentiary hearing,
since sellers has to pay the second AAA filing fee, arbitrator fee for
hearing, zoom license or hearing room fee, which could be over 10k
dollars. Thus, Amazon and sellers agreed in their agreement that
sellers can choose to have the arbitration based on written
submissions, **which offers sellers from all over the world a more
affordable and convenient way to do business or solve disputes
with Amazon.** The right to choose to conduct the arbitration based
on written submission is one of the important considerations for the
sellers to enter the agreement BSA with Amazon, thus, it shall not
be revised after the entering of the agreement without the sellers'
consent. Also It will be unfair to incur financial burden to the seller
Plaintiff by revising the agreement without the seller Plaintiff's
consent.

We respectfully request that the arbitrator and AAA follow the
arbitration agreement between the sellers and Amazon, allowing the
sellers to fully exercise their rights to choose conducting the

arbitration based on written submission. At the same time, Plaintiff can allow Amazon to do a video/audio deposition on the seller representative, if Amazon would like to verify the seller representative identity, as long as there is no extra cost for the Seller Plaintiff. This is a more reasonable approach, since in this way Amazon can verify the seller representative to clear their so-called credibility issue, while not incur financial burden to the seller Plaintiff. We have done scheduling orders for over 10 sellers cases, and most of the arbitrators follow this approach.

25.   Attached as **Exhibit P-F13** is a true and correct copy of Procedural Order Number 2, which the Arbitrator entered in the Arbitration on June 28, 2022, ordering the parties to pay a deposit, to be determined, covering all costs, expenses, and anticipated fees, for the entire proceeding.

26.   Attached as **Exhibit P-F14** is a true and correct copy of a letter from Arbitrator Malouf to me, dated June 28, 2022, which stated, among other things:

> Furthermore, we note that Mr. Eade informed this Tribunal at the Preliminary Hearing that he represents Plaintiff in this action. In addition, we note that Mr. Eade fully participated in the Preliminary Hearing, and furthermore that he agreed to participate in the in-person Hearing. Specifically, Mr. Eade presented his views as to how long he expected an in-person hearing to take, and then he, Mr. Simpson, and this Tribunal, spent considerable time coordinating our respective calendars in order to find dates which would be convenient for all parties.

27.   Attached as **Exhibit P-F15** is a true and correct copy of an email I sent to the arbitrator, AAA and counsel, on June 28, 2022, providing:

> The seller Plaintiff respectfully disagreed with the Letter which the arbitrator just distributed.
> Firstly Mr. Eade just confirmed with me by email that he did not agree to the in-person hearing at the preliminary hearing.
>
> Secondly, the seller Plaintiff disagreed with the statement that Chinese can travel overseas freely.  I am quite familiar with travel to China since I used to travel to China often. Many Chinese cannot even get their passport or visa renewed due to covid-19 control in China, there are very few flights between Us and China now and the ticket is quite expensive in case someone can get one.
>
> Thirdly, ***The seller Plaintiff disagreed the arbitrator has rights to ignore the arbitration agreement and incur over 10k-30k dollars of financial burden to the seller Plaintiff for a 140k dollars of dispute without the seller Plaintiff's consent. Pursuant to the arbitration agreement, Seller can choose to have the arbitration to***

*be conducted based on written submission. Seller Plaintiff already made a compromise by agreeing to one deposition by Amazon for them to verify the seller's credibility if Amazon insists on it and is willing to pay for the cost.* Any party who requests an evidentiary hearing shall bear the cost.

The seller Plaintiff hereby respectfully requests AAA to review the matter. If the arbitrator and seller Plaintiff cannot agree on the matter, the seller Plaintiff will request AAA to resend another arbitrator list for parties to select another arbitrator. The seller Plaintiff will reserve the rights to bring this matter to the court.

28. Attached as **Exhibit P-F16** is a true and correct copy of my email to AAA dated June 29, 2022, estimating costs of $21,400 to $38,187 to attend an in-person hearing, in addition to $45,425 to $73,212 in estimated arbitration costs for the hearing, and requesting a hearing by written submissions, which is Plaintiff's right pursuant to section 18 of the BSA.

29. Attached as **Exhibit P-F17** is a true and correct copy of Xingchen's counsel's email to Amazon's counsel, dated July 8, 2022, providing,

Dear Arthur,

It is evident that a conversation is not going to resolve this matter. So that it is perfectly clear, the arbitrator has failed to abide by the terms of the arbitration agreement, specifically section 18, which gives Plaintiff the option to select whether the hearing is held by telephone, in person or by written submissions. Not only did my co-counsel point this out in advance of the hearing with an email, I also vehemently argued Plaintiff had made the election to proceed by written submissions and you agreed with my presentation to the arbitrator of the manner in which we were handling other cases per the other Plaintiff's identical elections. Moreover, you represented that Amazon was fine with Plaintiff's election and with proceeding with written submissions subject to a subsequent hearing if the arbitrator felt it was warranted. The arbitrator then stated he was inclined to go forward with a hearing and at that point the only thing I agreed on were dates. This is contrary to what the arbitrator has reported, which indicates he was either not listening to me or he harbors a bias toward your client.

The arbitration agreement trumps AAA Commercial Rules and it is obvious that the arbitrator has taken the most cost-prohibitive and intrusive method to ascertain what you argued were questions of credibility which we contend will play no part in this arbitration.

30.     Attached as **Exhibit P-F18** is a true and correct copy of Xingchen's request to file a dispositive motion, dated July 11, 2022.

31.     Attached as **Exhibit P-F19** is a true and correct copy of Xingchen's motion to remove the arbitrator, dated July 11, 2022.  We filed this request because the arbitrator still had not been removed in order to comply with the deadlines for filing the request.

32.     Attached as **Exhibit P-F20** is a true and correct copy of Procedural Order Number 3, which the Arbitrator entered in the Arbitration on July 28, 2022, granting the request for filing a dispositive motion.

33.     Attached as **Exhibit P-F21** is a true and correct copy of Xingchen's counsel's email to Amazon's counsel dated July 11, 2022,  in response to Amazon's counsel's email of July 8, 2022, also attached in the email string, which provides, "I was willing to discuss a zoom hearing as a compromise.  It still does not change the fact that the arbitrator ignored Plaintiff's right to select the procedure as set forth in the BSA and at this point I don't think we can get a fair hearing from this arbitrator.  You should have received our motion to recuse him already."

34.     Attached as **Exhibit P-F22** is a true and correct copy of Amazon's opposition to Xingchen's motion to remove the arbitrator filed on July 19, 2022.

35.     Attached as **Exhibit P-F23** is a true and correct copy of AAA's denial of Xingchen's motion to remove the arbitrator, dated July 27, 2022.

36.     Attached as **Exhibit P-F24** is a true and correct copy of Procedural Order Number 4, which the Arbitrator entered in the Arbitration on August 4, 2022.

37.     Attached as **Exhibit P-F25** is a true and correct copy of Xingchen's Dispositive Motion, which Xingchen filed in the Arbitration on August 12, 2022.

38.     Attached as **Exhibit P-F26** is a true and correct copy of Amazon's Response to Xingchen's Dispositive Motion, which Amazon filed in the Arbitration on August 26, 2022.

39.     Attached as **Exhibit P-F27** is a true copy of the Notice of Evidentiary Hearing for October 20, 2022, filed by the AAA on August 8, 2022, providing, among other things:

**The Tribunal has arranged its schedule and reserved the above date(s) based on the advice of the parties. Therefore, every effort should be made to appear on the date(s) scheduled. Unless instructed otherwise by the Tribunal, please attend promptly with your witnesses (if any) and be prepared to present your proofs. In the event that unforeseen circumstances make it impossible to attend the hearing as scheduled, a party requesting a postponement should obtain the agreement of the other party. If there is no mutual agreement, the Tribunal will make a determination. All requests for postponements must be communicated to the Tribunal copying the ICDR and the other party. In some instances, postponements are subject to cancellation fees by the Tribunal.** Unless instructed otherwise by the Tribunal, any party wishing a stenographic record must make arrangements directly with the stenographer and notify the Tribunal, the ICDR and the other party of the arrangements in advance of the Hearing." (**emphasis supplied**).

40.    Attached as **Exhibit P-F28** is a true and correct copy of Procedural Order Number 5, which the Arbitrator entered in the Arbitration on September 4, 2022, denying Xingchen's dispositive motion in its entirety.

41.    Attached hereto as **Exhibit P-F29** is a true and correct copy of AAA's invoice to Xingchen dated September 23, 2022, for $44,500.

42.    Attached as **Exhibit P-F30** is a true and correct copy of my email to AAA dated October 26, 2022, which provides, in part, as follows:

> 1. Re the ER arbitrator fee, totally 15,000 dollars, which shall be split equally between Plaintiff sellers and Amazon, and Plaintiff Xingchen has paid its share of ER arbitrator fee. However, AAA keeps asking Plaintiff to pay the full amount of 15000 of ER arbitrator fee, which is not fair and not reasonable.
>
> 2. The claim amount in this case is around $110,000. Currently this arbitrator asked Plaintiff to pay over 40,000 of the arbitrator fee (and Amazon needs to pay another $40,000), in total $80,000, which is over 80% of the claim amount, the arbitrator fee is unreasonable in this case. Especially under the arbitration agreement, it clearly says Plaintiff seller can choose written submission, which costs much less, generally no more than 30k for the arbitrator fee. While this arbitrator ordered a three day in-person hearing which cost over 55000 dollars of arbitrator fee and related fees. This is inequitable and does not make sense. We all know arbitration agreements prevails AAA rules and the written submission request shall be followed, instead of ordering three day in person hearing which significantly increases the arbitrator fee payment burden to Plaintiff.

43.    Attached hereto as **Exhibit P-F31** is an AAA confirmation of the refusal of the arbitrator to reduce the 2-day hearing fee deposit.

44.    Attached as **Exhibit P-F32** is a true and correct copy of the current edition of the American Arbitration Association's Arbitration Rules and Mediation Procedures, amended October 1, 2013, as obtained from the American Arbitration Association's publicly available website.

45.    Attached as **Exhibit P-F33** is a true and correct copy of Procedural Order Number 7, which the Arbitrator entered in the Arbitration on November 23, 2022, adjourning proceedings until all fee deposits are paid to AAA.

46.    Attached as **Exhibit P-F34** is a true and correct copy of AAA's updated invoice for $44,634 to Xingchen dated January 18, 2023.

47.    Attached as **Exhibit P-F35** is a true and correct copy of Xingchen's motion to disqualify the arbitrator.

48.    Attached as **Exhibit P-F36** is a true and correct copy of Amazon's opposition to Xingchen's motion to disqualify the arbitrator, dated February 10, 2023.

49.    Attached as **Exhibit P-F37** is a true and correct copy of email correspondence from the arbitrator to all parties dated May 5, 2023, threatening to close the AAA proceedings unless the fee deposits were paid.

50.    Attached as **Exhibit P-F38** is a true and correct copy of Procedural Order Number 8, which the Arbitrator entered in the Arbitration on June 1, 2023, terminating the arbitration due to non-payment of the fee deposit by Xingchen.

51.    Attached as **Exhibit P-F39** is a true and correct copy of AAA's order closing the arbitrator proceedings, dated June 26, 2023.

52.    Attached as **Exhibit P-F40** is a true and correct copy of my email to AAA and the arbitrator dated June 26, 2023, which provided, in part:

> Amazon abused its market dominance to force third-party sellers to give up cheap class action and agree to the more expensive

arbitration. Then the arbitrator disregarded Plaintiff's right to a cheaper written submission under the arbitration agreement and forced the third-party seller to a two-day hearing, leading to a huge arbitration cost increase that Plaintiff could not afford. Then the arbitrator terminated the case for the payment default, foreclosing Plaintiff's access to justice by the arbitration. Any reasonable person would agree this is not the right way to handle this matter.

53.  In June 2023, the Plaintiff filed a complaint against Amazon with the New York Supreme Court concerning the disputes regarding account blocking, fund seizing, and AAA arbitration proceedings. Later on, Amazon removed the case to SDNY (UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK). Mr. Ken Eade, a California licensed attorney currently staying in Europe, was my co-counsel for the underlying *arbitration*. He was ***not*** licensed in the New York Supreme Court and SDNY; thus, he is ***not*** my co-counsel for the court proceedings in New York courts. His past records are unrelated to his representation in this case. Mr. David Schwartz, a New York licensed attorney, is my co-counsel for this court proceedings.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Executed in Mexico, on this 25th day of October, 2023.

 _/s/ Julie Guo_
Julie Guo

14