UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHENZHEN XINGCHEN XUANYUAN
INDUSTRIAL CO. LTD.,

                          Plaintiff,

              v.                                    Case No. 1:23-cv-6549-GHW

AMAZON.COM SERVICES LLC, *and*
AMAZON.COM, INC.,

                          Defendants.

---

## DEFENDANTS' REPLY MEMORANDUM OF LAW
## IN SUPPORT OF DEFENDANTS' MOTION TO STAY ACTION
## AND COMPEL RETURN TO ARBITRATION

## <u>ORAL ARGUMENT REQUESTED</u>

DAVIS WRIGHT TREMAINE LLP

John M. Magliery
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: 212.603.6444
johnmagliery@dwt.com
              -and-
Arthur Simpson (*pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: 206.622.3150
arthursimpson@dwt.com

*Attorneys for Defendants*
*Amazon.com Services LLC and Amazon.com, Inc.*

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ......................................................................................................... 1

AMAZON'S OBJECTIONS TO XINGCHEN'S RESPONSE TO STATEMENT OF
MATERIAL FACTS ......................................................................................... 1

XINGCHEN FAILS TO ESTABLISH THAT BSA SECTION 18 IS INVALID. ........................ 4

    A.    It is Undisputed that BSA Section 18 Contains a Delegation Clause. .................... 5

    B.    Xingchen Waived its Challenges to the BSA's Arbitration Agreement. ................ 6

    C.    Xingchen's Arguments Regarding  the "*Green Tree* and *Admendariz*
Standards" are Legally and Factually Frivolous. .................................................. 6

    D.    Xingchen's Other Miscellaneous Arguments are Meritless. ............................... 10

CONCLUSION ....................................................................................................... 10

4868-3577-4606v.3 0051461-005813

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Am. Exp. Co. v. Italian Colors Rest.*,
  570 U.S. 228 (2013)........................................................................................................7

*Application of Whitehaven S.F., LLC v. Spangler*,
  45 F. Supp. 3d 333 (S.D.N.Y. 2014).............................................................................4

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018)...................................................................................................9

*First Options of Chicago, Inc. v. Kaplan*,
  514 U.S. 938 (1995)....................................................................................................3, 7

*Giannullo v. City of New York*,
  322 F.3d 139 (2d Cir. 2003)...........................................................................................2

*Green Tree Fin. Corp.-Alabama v. Randolph*,
  531 U.S. 79 (2000).......................................................................................6, 7, 8, 10

*Haight v. NYU Langone Med. Ctr., Inc.*,
  13 CIV. 4993 (LGS), 2016 WL 29628 (S.D.N.Y. Jan. 4, 2016) ................................3

*Harrington v. Atl. Sounding Co., Inc.*,
  602 F.3d 113 (2d Cir. 2010)...........................................................................................5

*Henry Schein, Inc. v. Archer & White Sales, Inc.*,
  139 S. Ct. 524 (2019).....................................................................................................5

*In re American Express Merchants' Litigation*
  643 F.3d 197 (2d Cir. 2011)...........................................................................................7

*Italian Colors. Sutherland v. Ernst & Young LLP*,
  726 F.3d 290 (2d Cir. 2013)........................................................................................7, 8

*Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*,
  560 F.3d 935 (9th Cir. 2009) .........................................................................................8

*Kondot S.A. v. Duron LLC*,
  586 F. Supp. 3d 246 (S.D.N.Y. 2022)............................................................................9

*Lopez Canas v. Whitaker*,
  No. 19-CV-6031, 2019 WL 2287789 (W.D.N.Y. May 29, 2019)...............................5

4868-3577-4606v.3 0051461-005813

*McMahon v. RMS Elecs., Inc.*,
  695 F.Supp. 1557 (S.D.N.Y.1988) ............................................................9

*Mines v. Overstock.com, Inc.*,
  380 F. App'x 22 (2d Cir. 2010) ............................................................4, 5

*Rent–A–Center, West, Inc. v. Jackson*,
  561 U.S. 63 (2010)..................................................................................6

*Tenemille v. Town of Ramapo*,
  18-CV-724 (KMK), 2022 WL 126003 (S.D.N.Y. Jan. 13, 2022) .........5, 6

*Topps Co., Inc. v. Koko's Confectionery & Novelty*,
  482 F. Supp. 3d 129 (S.D.N.Y. 2020)......................................................4

*Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S de R L de C.V.*,
  627 F. Supp. 3d 408 (S.D.N.Y. 2022).......................................................3

*Wiseley v. Amazon.com, Inc.*,
  709 F. App'x 862 (9th Cir. 2017) ...........................................................10

**STATE CASES**

*Adler v. Fred Lind Manor*,
  153 Wash.2d 331, 103 P.3d 773 (2004).....................................................8

*Armendariz v. Foundation Health Psychcare Services, Inc.*
  24 Cal.4th 83 (2002) ................................................................................8

*Garmo v. Dean, Witter, Reynolds, Inc.*,
  101 Wash. 2d 585, 681 P.2d 253 (Wash. 1984) ......................................10

*Mendez v. Palm Harbor Homes, Inc.*,
  111 Wash. App.446, 465 (2002)................................................................8

**RULES**

Federal Rule of Civil Procedure 56(c)(4) .......................................................3

Local Civil Rule 7.1..........................................................................................3

Local Civil Rule 56.1.....................................................................................2, 3

4868-3577-4606v.3 0051461-005813

Defendants Amazon.com Services LLC and Amazon.com Inc. (collectively, "**Amazon**") submit this Reply Memorandum of Law in Support of their Motion to Compel the claims asserted in the Verified Complaint of Plaintiff Shenzhen Xingchen Xuanyuan Industrial Co., Ltd. ("**Xingchen**") to arbitration, where they were previously brought, and to stay this case.

## ARGUMENT

Xingchen's opposition to Amazon's motion to compel falls woefully short of meeting its high burden of demonstrating that the parties' arbitration agreement, BSA Section 18, is somehow invalid and unenforceable.  Xingchen does not dispute that the parties agreed to that arbitration clause.  Xingchen also does not dispute that it failed to raise any challenge to that arbitration agreement's enforceability during the Arbitration, which it commenced.  Nor is Xingchen's waiver of any ability to litigate in court excused in any way.  Xingchen also makes no effort to explain or defend its demonstrable and ongoing efforts to arbitrator-and-venue shop. Indeed, the factual record is virtually undisputed.

Instead, Xingchen has submitted a Memorandum rife with troubling errors, inaccuracies, and citations to invalid authority.  For example, its Memorandum repeatedly cites to subsections of BSA Section 18 that do not exist and to court decisions that have been overturned and are facially inapplicable to this case.  These errors are so pervasive and peculiar that they beg the question of whether Xingchen's counsel utilized a generative AI chat bot, such as ChatGPT, to draft their papers.  Xingchen cannot successfully oppose Amazon's Motion with frivolous arguments based on bad law, and the Motion should be granted.

### Amazon's Objections to Xingchen's Response to Statement of Material Facts

Xingchen has failed to raise any disputed issues of fact in its LCR 56.1 Response to Defendants' Statement of Material Facts, Dkt. 27 ("Pl.'s Resp. SMF").  As set forth in the table

below, Xingchen admits to 51 of the 66 factual statements established in Amazon's Statement of

Material Facts, Dkt. 19 ("SMF").  Xingchen does so both expressly (i.e., "Plaintiff agrees") and

functionally (i.e., by repeating or rephrasing Amazon's factual statement).  *See* LCR 56.1(c)

(statements " deemed to be admitted . . . unless specifically controverted"); *accord Giannullo v.

City of New York*, 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party ... fails to controvert

a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed

admitted.").  Xingchen purports to raise disputed issues of fact as to 15 other factual statements

in Amazon's SMF.  But Xingchen fails to meet its burden for several overarching and equally

fatal reasons discussed below.

|  | Statement of Fact Admitted | Response Inadmissible (Argumentative) | Response Inadmissible (Pleadings) | Response Inadmissible (Guo Declaration) | Response Inadmissible (Eade Declaration) |
|---|---|---|---|---|---|
| **Pl.'s Resp. SMF by Paragraph #** | 1, 2, 4, 6, 7, 10, 11, 12, 13, 14, 16, 17, 18, 19, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 35, 36, 37, 38, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 57, 59, 60, 61, 62, 65, 66 | 3, 5, 8, 9, 15, 20, 21, 22, 34, 39, 55, 56, 58, 63, 64 | 3, 5, 9, 15 | 9, 15, 22, 39, 64 | 34 |

As to the undisputed facts, Xingchen's fatal admissions are several that are dispositive to

Amazon's Motion.  Xingchen admits that it accepted the BSA's terms and conditions and that

the BSA is a contract between the parties.  Pl.'s Resp. SMF at ¶¶ 4-6.  Xingchen further admits

that BSA Section 18 sets forth the terms of an arbitration agreement between Xingchen and

Amazon.  *Id.* at  ¶¶ 7-8.  Xingchen relatedly admits that it previously filed its claims against

Amazon as an arbitration with the AAA on January 15, 2022, and that its arbitration demand sought an award of $120,761.20.  *Id.* at  ¶¶ 9-10, 12-13.  And Xingchen further admits that it requested that the AAA terminate the Arbitration on January 18, 2023, after Xingchen refused to pay the Arbitrator's fees for months because its counsel would not accept a procedural ruling the Arbitrator issued early in the Arbitration.  *Id.* at  ¶¶ 9-10, 12-13.

As to the purportedly disputed facts, there are actually no bona fide disputes at all.

*First*, Xingchen's statements in response to 15 Paragraphs in Amazon's SMF are composed primarily of impermissible legal argument.  *See, e.g.*, Pl.'s Resp. SMF ¶ 3 ("The BSA between Amazon and the Plaintiff contains clauses which are violative of public policy."). However, "Legal arguments and unsubstantiated assertions of fact are impermissible in Rule 56.1 statements and will thus be disregarded."  *Vista Food Exch., Inc. v. Comercial De Alimentos Sanchez S de R L de C.V.*, 627 F. Supp. 3d 408, 412 n1 (S.D.N.Y. 2022) (collecting cases).

*Second*, Xingchen also purports to controvert 6 of these 15 statements fact with various passages from the Declarations of its attorneys, Julie Guo and Kenneth Eade.  However, these Declarations should be "disregarded because [they] contain[] impermissible legal conclusions and factual assertions not based on personal knowledge."  *Haight v. NYU Langone Med. Ctr., Inc.*, 13 CIV. 4993 (LGS), 2016 WL 29628, at *5 (S.D.N.Y. Jan. 4, 2016).[1]  For example, the Guo Declaration contains numerous passages like the following: "The BSA between Amazon and Plaintiff contains clauses that are violative of public policy."  Dkt. 24 at ¶ 15.[2]  Mr. Eade's

---

[1] "'Pursuant to Local Civil Rule 7.1, legal argument is to be set forth in a memorandum of law, while factual affirmations are to be set forth in affidavits.'  Declarations in support of summary judgment motions 'must be made on personal knowledge ....' Fed. R. Civ. P. 56(c)(4). 'An affidavit of the opposing party's attorney which does not contain specific facts or is not based on first-hand knowledge is not entitled to any weight.'"  *Id.* (quoting *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983); *Bosch v. LaMattina*, 901 F. Supp. 2d 394, 403 (E.D.N.Y. 2012)).

[2] On October 23, 2023, Ms. Guo submitted a letter to the Court requesting an adjournment of Xingchen's opposition deadline based on her representation that she was "travelling out of the US for three weeks"—a request the Court

Declaration is equally deficient, averring, "The Plaintiff requested to present the arbitration on written submissions, per its election pursuant to section 18 of the BSA." Dkt. 25 at ¶ 7.[3] Both Declarations are also rife with factual assertions that are not based on either attorney's personal knowledge. For example, both Declaration recite, among other things, that Xingchen "is unable to afford the doubled arbitration cost increase caused by Amazon's breach of written submission term that resulted in the two-day evidentiary hearing." Dkt. 24 at ¶ 8; Dkt. 25 at ¶ 8.

*Finally*, Xingchen's SMF Response cites to its Complaint as evidence in opposition to four statements in Amazon's SMF. However, Xingchen cannot rely upon its own pleadings to oppose Amazon's motion. *See, e.g., Topps Co., Inc. v. Koko's Confectionery & Novelty*, 482 F. Supp. 3d 129, 134 (S.D.N.Y. 2020) ("the opposing party must raise a genuine issue of material fact . . . and it may not rely on conclusory allegations") (citations and quotations omitted).

### Xingchen Fails to Establish that BSA Section 18 is Invalid.

Xingchen does not dispute that Amazon made its "*prima facie* initial showing that an agreement to arbitrate existed." *Mines v. Overstock.com, Inc.*, 380 F. App'x 22, 24 (2d Cir. 2010) (summary order). Xingchen admits that there was a contract between the parties (i.e., the BSA), and that the BSA included an agreement to Arbitrate at Section 18. Pl.'s Resp. SMF at ¶¶ 4-8. Nor does Xingchen dispute that the claims is seeks to assert against Amazon in this lawsuit fall within "the scope of the arbitration agreement." *Application of Whitehaven S.F., LLC v. Spangler*, 45 F. Supp. 3d 333, 342 (S.D.N.Y. 2014) (citations omitted). To the contrary,

---

denied that day. Dkt. 22. Ms. Guo's Declaration, submitted just two days later, indicates she electronically signed it while in Mexico. Dkt. 24 at 14.

[3] Mr. Eade's Declaration represents that he is an attorney in good standing with the California bar and various courts (excluding this Court). Dkt. 25 at ¶ 2. Notably, Mr. Eade's Declaration—which he electronically signed in Monaco—does not dispute that he is the subject of a pending federal indictment for securities fraud. Dkt. 25.

4868-3577-4606v.3 0051461-005813

Xingchen admits that it previously submitted those same claims to arbitration pursuant to BSA Section 18. *Id.* at ¶¶ 9-10, 12-13. The upshot is that "the burden shifts to the party opposing arbitration [i.e., Xingchen] to put the making of that agreement 'in issue'" by demonstrating "the agreement to be inapplicable or invalid." *Mines*, 380 F. App'x at 24, *Harrington v. Atl. Sounding Co., Inc.*, 602 F.3d 113, 124 (2d Cir. 2010) (citations omitted). As discussed below, Xingchen has fallen woefully short of meeting that burden, both legally and factually.

### A.    It is Undisputed that BSA Section 18 Contains a Delegation Clause.

Xingchen admits that BSA Section 18 provides that any arbitration between the parties "will be conducted by the American Arbitration Association (AAA) under its commercial rules." Pl.'s Resp. SMF at ¶ 8. And Xingchen does not dispute that, under Second Circuit law, an arbitration agreement's incorporation of the AAA's Commercial Arbitration Rules may serve as "as clear and unmistakable evidence of the parties' intent to delegate arbitrability to an arbitrator." Dkt. 17 at 8 n.2 (quoting *DDK Hotels, LLC v. Williams-Sonoma, Inc.*, 6 F.4th 308, 318 (2d Cir. 2021)). To the contrary, Xingchen's Response does not address this argument at all.

But it is well established that "[a] plaintiff effectively concedes a defendant's arguments by his failure to respond to them." *Tenemille v. Town of Ramapo*, 18-CV-724 (KMK), 2022 WL 126003, at \*10 (S.D.N.Y. Jan. 13, 2022) (citations omitted); *see also Lopez Canas v. Whitaker*, No. 19-CV-6031, 2019 WL 2287789, at \*5 (W.D.N.Y. May 29, 2019) ("It is well settled in this Circuit that a plaintiff effectively concedes a defendant's arguments by his failure to respond to them") (alteration and quotation marks omitted). And because it is undisputed that the delegation clause "delegates the arbitrability question to an arbitrator," the parties have agreed as a matter of law "that an arbitrator, rather than a court, will resolve threshold arbitrability questions as well as underlying merits disputes." *Henry Schein, Inc. v. Archer & White Sales,*

*Inc.*, 139 S. Ct. 524, 527, 529 (2019) (citing *Rent–A–Center, West, Inc. v. Jackson,* 561 U.S. 63, 68-70 (2010); *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943-44 (1995)).  The Court need go no further because Xingchen's remaining arbitrability arguments are challenges to the parties' arbitration agreement in general, instead of specific challenges to the delegation clause, and are therefore for an arbitrator to decide.  *Rent-A-Ctr.*, 561 U.S. at 72.

### B.     Xingchen Waived its Challenges to the BSA's Arbitration Agreement.

Xingchen did not raise any of its challenges to the parties' arbitration agreement, BSA Section 18, at the time it commenced the Arbitration against Amazon.  *See* Pl.'s Resp. SMF at ¶¶ 7-17.  In fact, Xingchen did not raise any such challenges in its Complaint in this action, which was filed months after the Arbitration was terminated by the AAA upon Xingchen's request after it refused to pay the Arbitrator's fees because its counsel disagreed with rulings he issued in the Arbitration.  Pl.'s Compl.; Pl.'s Resp. SMF at ¶¶ 9-66.  As Amazon explained in its opening Memorandum, under settled federal law "[a] claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act."  Dkt 17 at 10-11 (quoting, e.g., *Teamsters Local Union No. 533, Affiliated with Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am. v. Herbert Fuel Oil & Trucking Co.*, 543 F. Supp. 831, 835 (E.D.N.Y. 1982)).  Xingchen's Response does not address Amazon's waiver argument, much less provide any explanation as to why that doctrine should not foreclose its arguments here.  By failing to do so, Xingchen has conceded the waiver issue, and Amazon's Motion should be granted.  *See, e.g.*, *Tenemille*, 2022 WL 126003, at *10.

### C.     Xingchen's Arguments Regarding  the "*Green Tree* and *Admendariz* Standards" are Legally and Factually Frivolous.

While the Court need not consider Xingchen's challenges to the parties' arbitration agreement, as discussed above, those challenges are demonstrably frivolous.  Xingchen's

primary argument is that BSA "Sections 18.7 and 18.10 (sic) are unenforceable because they would prevent the plaintiff from effectively vindicating its statutory rights and common law . . . Under (sic) the Green Tree and Armendariz Standards." Dkt. 23 at 6. According to Xingchen, that is because "Section 18.7 (sic) of the BSA . . . forecloses the right of the Plaintiff to arbitrate pursuant to AAA expedited rules by limiting their applicability to $50,000 as opposed to the $100,000 limitation outlined in the rules." *Id.* at 15. Xingchen lacks any good faith legal or factual basis for these contentions for multiple reasons.

*First*, Xingchen's Response repeatedly refers to BSA Sections that do not exist. As Xingchen admitted in its Response SMF, the parties' agreement to arbitrate is set forth at BSA Section 18. Pl.'s Resp. SMF at ¶¶ 7-8. There are no subsections to BSA Section 18. *See* Dkt. 1-1 at 40-41, § 18. Yet, the Memorandum repeatedly cites to contractual subsections of BSA Section 18 that do not exist, and that are not referred to elsewhere in any of Xingchen's other submissions. Dkt. 23 (citations to non-existent BSA Sections 18.6, 18.7, 18.8, 18.9, and 18.10).

*Second*, Xingchen's arguments regarding what it refers to as the "*Green Tree*" standard are based upon two federal cases which have been, respectively, abrogated and expressly reversed. Xingchen's argument relies primarily on the Second Circuit's decision in *In re American Express Merchants' Litigation*, which it cites for the proposition that an arbitration agreement can be invalidated if "the cost of plaintiffs' individually arbitrating their dispute . . . would be prohibitive." Dkt. 23 at 14 (quoting 634 F.3d 187, 197 (2d Cir. 2011)). But the Second Circuit "*sua sponte* reconsidered its ruling" in that case before the opinion was reversed by the Supreme Court. *Am. Exp. Co. v. Italian Colors Rest.*, 570 U.S. 228, 232 (2013). Xingchen also cites to the district court's decision in *Sutherland v. Ernst & Young LLP* as supporting its argument. Dkt. 23 at 14 (citing 768 F.Supp.2d 547, 551 (S.D.N.Y. 2011)). That

4868-3577-4606v.3 0051461-005813

case was reversed by the Second Circuit in light of the Supreme Court's above-cited decision in *Italian Colors*. *Sutherland v. Ernst & Young LLP*, 726 F.3d 290, 292 (2d Cir. 2013) ("In light of the supervening decision of the Supreme Court in *American Express Co. v. Italian Colors Restaurant* . . . we . . . reverse the contrary decision of the United States District Court for the Southern District of New York.").[4]

**Third**, Xingchen's arguments regarding what it labels the "*Armendariz* Standard" are also frivolous.  According to Xingchen, "In *Armendariz v. Foundation Health Psychcare Services, Inc.*, the California Supreme Court manifested a similar concern for litigants' ability to effectively vindicate their claims" in the context of a case concerning "an employer impos[ing] mandatory arbitration of employee claims under California's Fair Employment and Housing Act."  Dkt 23 at 17 (citing 24 Cal.4th 83 (2000)).  But in this case, it is undisputed that Washington law—not California law—governs the parties' contract and relationship.[5]  And Xingchen is not a California employee seeking to vindicate California statutory rights.[6]

**Finally**, Xingchen's substantive arguments under the purported "*Green Tree* " and "*Armendariz* standards" are devoid of any factual basis.  Boiled down, Xingchen's premise is that Section 18.7 of the BSA (which does not exist) "forecloses the right of the Plaintiff to

---

[4] Xingchen also cites to the Washington state court decision *Mendez v. Palm Harbor Homes, Inc.*, 111 Wash. App.446, 465 (2002).  Dkt. 23 at 14-15.  As the Ninth Circuit explained, that case "involve[d] circumstances in which the potential arbitration expense dwarfs the amount claimed by an individual" in a "consumer context" as opposed to a "purely commercial" case.  *Kam-Ko Bio-Pharm Trading Co. Ltd-Australasia v. Mayne Pharma (USA) Inc.*, 560 F.3d 935, 942 (9th Cir. 2009).  Xingchen's allegations do not implicate any such issues.

[5] Xingchen also apparently contends that BSA "Section 18.7" "violates the *Armendariz* Rule" by requiring Xingchen to bear its own costs and attorneys' fees at arbitration.  Dkt. 23 at 19-20.  Needless to say, Xingchen does not cite to any legal support for this preposterous contention.

[6] In any event, the Supreme Court of Washington refused to adopt the *Armendariz* court's reasoning with regard to the very language to which Xingchen cites.  *Adler v. Fred Lind Manor*, 153 Wash.2d 331, 344 n.6, 103 P.3d 773, 781 (Wash. 2004) (reasoning, "[W]e refuse to impose a higher standard of review for arbitration agreements since by doing so we would impermissibly rely on the unique nature of agreements to arbitrate employment disputes as justification.").

arbitrate pursuant to AAA expedited rules by limiting their applicability to $50,000 as opposed to the $100,000 limitation outlined in the rules." *See* Dkt. 37 at 15-17.  Accepting that flawed premise *arguendo*, Xingchen admits that its arbitration demand to the AAA specifically requested an award of $120,761.20.  *Id.* at  ¶¶ 12-13.  The upshot is that all of Xingchen's related, lengthy arguments regarding the applicable set of AAA rules and the related amount-in-controversy threshold (i.e., $50,000 or $100,000) are entirely irrelevant.  No matter what, Xingchen's claims would never have been subject to the AAA's Expedited Procedures.[7]  *See also McMahon v. RMS Elecs., Inc.,* 695 F.Supp. 1557, 1560 (S.D.N.Y.1988) (noting "the AAA's broad power to interpret its own rules").  Similarly irrelevant are Xingchen's challenges to the Arbitrator's decision to require a two-day evidentiary hearing via Zoom, because "[i]t is well settled that procedural questions that arise during arbitration, such as which witnesses to hear and which evidence to receive or exclude, are left to the sound discretion of the arbitrator and should not be second-guessed by the courts."  *Kondot S.A. v. Duron LLC*, 586 F. Supp. 3d 246, 259 (S.D.N.Y. 2022) (quoting *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 545 (2d Cir. 2016)).  And, in any event, Xingchen has not submitted a shred of admissible evidence suggesting that it was unable to pay its share of the Arbitrator's fees.  That is because its refusal to do so was a cynical, tactical decision.[8]

---

[7] Xingchen's Response proclaims that "the current frozen fund balance is below $100,000 since Amazon has been deducting fees." Dkt. 23 at 16.  However, Xingchen offers no evidentiary support for this assertions.

[8] Xingchen also specifically requests that this Court rule that "18.10 (sic) Class Action Waiver Term is unenforceable." Dkt. 23 at 23, 29.  According to Xingchen, "To thwart thousands of sellers initiating cost-effective class action lawsuits, Amazon has embedded a mandatory arbitration clause through Section 18 of its BSA.  This compels thousands of sellers to pursue ***individual*** arbitrations . . . ." Dkt. 23 at 23 (emphasis in original).  However, Xingchen does not cite any legal authority in support of this proposition.  That is not surprising because Xingchen's argument is directly foreclosed by recent Supreme Court precedent. *See, e.g., Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1616 (2018) ("arbitration agreements providing for individualized proceedings must be enforced").

4868-3577-4606v.3 0051461-005813

### D.      Xingchen's Other Miscellaneous Arguments are Meritless.

Xingchen argues that it has a Washington's Consumer Protection Act ("WCPA") claim against Amazon.  Dkt. 23 at 10-13.  That is irrelevant; any WCPA claim Xingchen may have against Amazon is subject to the parties' arbitration agreement.  *Garmo v. Dean, Witter, Reynolds, Inc.*, 101 Wash. 2d 585, 590, 681 P.2d 253, 255 (Wash. 1984) (WCPA claims are arbitrable).  Xingchen also argues that "Section 18.7"—which does not exist—is procedurally unconscionable under Washington law because the BSA "is based upon a 'take it or leave it' nature."  Dkt. 23 at 21-22.  However, Washington courts have time and again held that a contract of adhesion, without more, is not procedurally unconscionable.  *See, e.g.*, *Wiseley v. Amazon.com, Inc.*, 709 F. App'x 862, 863 (9th Cir. 2017) ("adhesion is insufficient to support a finding of procedural unconscionability under Washington law").

Finally, Xingchen contends that the arbitration agreement is "shocking to the conscience" and, therefore, substantively unconscionable under Washington law, because Xingchen contends that it "could not afford the $45,000 arbitration cost."  Dkt. 23 at 22-23.  But Xingchen did not and cannot cite to a single Washington decision in which an arbitration clause was ruled substantively unconscionable because one party claimed, without evidence, that it cannot afford private arbitration.  *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 81 (2000) ("the record does not show that Randolph will bear such costs if she goes to arbitration.").[9]

### CONCLUSION

Amazon respectfully renews its requests that the Court grant its Motion.

---

[9] Xingchen also argues that Amazon breached the parties' arbitration agreement (which Xingchen identifies as the non-existent Section 18.9) by requesting an evidentiary hearing from the Arbitrator, which request the Arbitrator granted over Xingchen's objections.  *See* Dkt. 23 at 24-27.  This contention is also frivolous.  Xingchen cannot identify any provision of the BSA that retrained Amazon's defense in arbitration in any way, much less cite to a single decision that has ever recognize the existence or validity of any such contractual clause.  *See id.*

4868-3577-4606v.3 0051461-005813

Dated:   New York, New York
        November 8, 2023

DAVIS WRIGHT TREMAINE LLP

By: _____
    John M. Magliery

1251 Avenue of the Americas, 21st Floor
New York, New York 10020
Tel: 212.603.6444
johnmagliery@dwt.com

Arthur Simpson (*pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, Washington 98104
Tel: 206.622.3150
arthursimpson@dwt.com

*Attorneys for Defendants*
*Amazon.com Services LLC and Amazon.com, Inc.*

11

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing memorandum of law complies with all formatting requirements of this Court and contains 3,526 words, including footnotes and headings but excluding the cover page, this certificate, the tables, and the signature blocks.  I relied on the word count of the Microsoft Word computer program used to prepare this brief.

Dated: New York, New York
      November 8, 2023

                                    _____
                                          John M. Magliery

4868-3577-4606v.3 0051461-005813